December 2, 1977

## 77–66 MEMORANDUM OPINION FOR THE ASSISTANT ATTORNEY GENERAL, CIVIL RIGHTS DIVISION

### Reorganization of Equal Employment Enforcement Authority—Concurrent Authority

We have considered the question of whether a reorganization plan could, consistent with the Reorganization Act, grant concurrent authority to the Equal Employment Opportunity Commission (EEOC) and the Department of Justice with respect to certain types of lawsuits. In our opinion, there is no legal bar to including such a provision in a reorganization plan.

1. Pertinent Provisions of Title VII of the Civil Rights Act of 1964

Before it was amended in 1972, § 707 of Title VII, 42 U.S.C. 2000e–6 (1970), granted the Attorney General authority to bring pattern or practice suits against private employers and labor unions.

In 1972, Title VII was amended by the Equal Employment Opportunity Act, Public Law 92–261, 86 Stat. 103. As amended, § 707 provides that, after the filing of a charge of discrimination and the inability of EEOC to resolve the matter through conciliation, EEOC may bring a lawsuit against a private employer or a union.[1] 42 U.S.C. 2000e–5(f) (1975 Supp.). In addition, the 1972 Act amended § 707, 42 U.S.C. 2000e–6 (Supp. V 1975), the section authorizing pattern or practice suits.

Section 707(c) was amended to provide that, effective 2 years after enactment of the 1972 Act, "the functions of the Attorney General under this section shall be transferred to . . . [EEOC], unless the President submits, and neither House of Congress vetoes, a reorganization plan . . . inconsistent with the provisions of this subsection."[2] In

---

[1] The litigation authority of EEOC does not extend to suits against State or local governments; such matters are to be referred by EEOC to the Attorney General.

[2] Presumably, this provision refers to a reorganization plan sent to Congress before March 24, 1974.

March 1974, the transfer of functions took effect. During the interim period, from March 1972 to March 1974, the Attorney General and EEOC had concurrent authority to bring pattern or practice litigation against private firms and labor unions. *See* § 707(e), Pub. L. No. 92–61, 86 Stat. 107, 42 U.S.C. 2000e–5(f), 2000e–6(e) (Supp. V 1975).

In connection with the current project to reorganize enforcement of Title VII and other laws prohibiting employment discrimination, the Civil Rights Division has raised the question whether the Reorganization Act would permit a plan providing, in part, for transfer to the Attorney General of concurrent authority to bring suits against private employers and unions under § 707 of Title VII.

2.  The Reorganization Act of 1977

Under the Act, 5 U.S.C. § 903(a), the President may prepare and transmit to Congress a reorganization plan when he determines that organizational changes "are necessary to carry out any policy set forth in section 901(a) . . . ." The policies stated in the Act, 5 U.S.C. § 901(a), are as follows:

(1) to promote the better execution of the laws, the more effective management of the executive branch and of its agencies and functions, and the expeditious administration of the public business;

(2) to reduce expenditures and promote economy to the fullest extent consistent with the efficient operation of the Government;

(3) to increase the efficiency of the operations of the Government to the fullest extent practicable;

(4) to group, coordinate, and consolidate agencies and functions of the Government, as nearly as may be, according to major purposes;

(5) to reduce the number of agencies by consolidating those having similar functions under a single head, and to abolish such agencies or functions thereof as may not be necessary for the efficient conduct of the Government; and

(6) to eliminate overlapping and duplication of effort.

Clearly, as a general matter, it would be contrary to policy numbered (6)—elimination of "overlapping and duplication of effort"—to grant concurrent jurisdiction to two agencies. Section 903(a) is not to be read, however, to require that a reorganization plan, or particular provisions of a plan, promote all of the policies of § 901(a). It is sufficient that a plan further any one of those policies. The present question of concurrent authority must be considered in context. The overall effect of the proposed plan might be a significant reduction in duplication of Federal efforts to remedy employment discrimination. Moreover, it is likely that the proposed plan would assign significant new responsibilities to EEOC, and this might justify supplementing EEOC's enforcement of § 707 with enforcement by the Attorney General. Thus, shared jurisdiction over § 707 might mean more effective

enforcement. Finally, coordination between EEOC and the Attorney General would be entirely feasible. Presumably, before a suit could be brought by the Attorney General, the procedures of § 706 (that is, a conciliation proceeding before EEOC) would have to be followed.

The transfer of concurrent jurisdiction to the Attorney General could be regarded as the transfer of "part of . . . [an agency's] functions," within the meaning of 5 U.S.C.A. § 903(a)(1). We are not aware of close precedents under the prior reorganization statute, but some support for our conclusion is provided by the 1972 amendment to § 707(c). As noted above, under that provision, the transfer of the Attorney General's authority to EEOC would not have taken place if an inconsistent reorganization plan had gone into effect before March 1974. There was no such plan, but the terms of § 707(c) would have permitted, as one possibility, a plan preserving the Attorney General's authority and also the concurrent authority of EEOC.

Limits upon the nature or scope of reorganization plans are prescribed in 5 U.S.C.A. 905, but none of those limits is pertinent to the present matter.

### 3. Conclusion

In conclusion, no provision of the Reorganization Act would forbid including in a plan a provision transferring to the Attorney General concurrent jurisdiction over § 707 suits against private employees and unions. Therefore, the question whether to include such a provision is essentially a question of policy.

LEON ULMAN
*Deputy Assistant Attorney General*
*Office of Legal Counsel*
